1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE L. SANDOVAL,<br><br>                Plaintiff,<br><br>vs.<br><br><br><br>D & H BODY SHOP,<br><br>                Defendant. | Case No. 3:11-cv-00743-AJB-BLM<br><br>**ORDER DISMISSING COMPLAINT [DOC. NO. 1] WITHOUT PREJUDICE; AND DENYING AS MOOT PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* [DOC NO. 2], AND MOTION FOR APPOINTMENT OF COUNSEL [DOC. NO. 3]** |

      Plaintiff, a non-prisoner appearing *pro se*, filed the instant complaint on June 1, 2011, along with a Motion to Proceed *In Forma Pauperis* (Doc. No. 2) and a Motion for Appointment of Counsel (Doc. No. 3). All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of *habeas corpus*, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a) (2006). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) (2006). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

      Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed *in forma pauperis* pursuant to § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from

1  such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he
2  provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d
3  1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the Court reviewing a
4  complaint filed pursuant to the *in forma pauperis* provisions of § 1915 make and rule upon its own
5  motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed.
6  R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d at 1127.

7  As currently pled, it is clear that plaintiff's complaint fails to state a claim upon which relief
8  can be granted. The standard used to evaluate whether a complaint states a claim is a liberal one
9  particularly when the action has been filed *pro se*. *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976).
10 However, even a "liberal interpretation . . . may not supply elements of the claim that were not
11 initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).
12 "*[P]ro se* litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.
13 1995). Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim
14 for relief must contain . . . a short and plain statement of the claim showing that the pleader is
15 entitled to relief . . . ." Fed. R. Civ. P. 8(a). "[A] plaintiff's obligation to provide the grounds of
16 [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of
17 the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
18 (2007) (quotation omitted).

19 Here, Plaintiff has filed a complaint alleging violations of the Racketeer Influenced and
20 Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a), (b), (c), and (d). (Compl. 18, Doc. No.
21 1.) Section 1962 makes it unlawful for any person to use money derived from a pattern of
22 racketeering activity to invest in an enterprise, to acquire control of an enterprise though a pattern of
23 racketeering activity, to conduct or participate in a pattern of racketeering activity, or to conspire to
24 commit any of these violations. 18 U.S.C. § 1962 (a) - (d). Plaintiff's complaint alleges only a
25 violation of section 1962(c), conduct or participation in a pattern of racketeering activity. As
26 relevant to Plaintiff's claims, "racketeering activity" means "any act or threat involving murder,
27 kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a
28

1  controlled substance or listed chemical . . ., which is chargeable under State law and punishable by
2  imprisonment for more than one year.  18 U.S.C. § 1961(a)(1)(A).

3        To state a civil claim for a RICO violation under 18 U.S.C. § 1962(c), a plaintiff must show
4  "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L.*
5  *v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985).  RICO authorizes any person injured in his business or
6  property by reason of a RICO violation to bring a civil suit.  18 U.S.C. § 1964(c); *see Sedima*, 473.
7  U.S. at 495.  "If the defendant engages in a pattern of racketeering activity in a manner forbidden by
8  these provisions, and the racketeering activities injure the plaintiff in his business or property, the
9  plaintiff has a claim under § 1964(c)." *Sedima*, 473. U.S. at 495.

10       To have standing under civil RICO, Plaintiff is required to show that the racketeering
11 activity was both a but-for cause and a proximate cause of her injury. *See Holmes v. Sec. Investor*
12 *Prot. Corp.*, 503 U.S. 258, 268 (1992).  Proximate causation for RICO purposes requires "some
13 direct relation between the injury asserted and the injurious conduct alleged."  *Id.*  The Supreme
14 Court has indicated the compensable injury flowing from a violation of section 1962(c) "necessarily
15 is the harm caused by predicate acts sufficiently related to constitute a pattern, for the essence of the
16 violation is the commission of those acts in connection with the conduct of an enterprise." *Anza v.*
17 *Ideal Steel Supply Co.*, 547 U.S. 451, 457 (2006) (quoting *Sedima*,473 U.S. at 497.).

18       Here, Plaintiff has alleged numerous predicate acts involving dozens of individuals,
19 including employees of Defendant D & H Body Shop, that could constitute "racketeering activity"
20 under section 1961(a).  Plaintiff alleges, *inter alia*, acts of rape, murder, kidnapping, drug dealing,
21 theft, arson, and organ trafficking.  (*See* Compl. 2-17, Doc. No. 1.)  However, Plaintiff's claim
22 seems to center around damage done to her car by employees of D & H Body Shop, and personal
23 injury caused by the same employees.  (*Id.* at 2-3, 8, 11.)  Plaintiff may not be compensated for her
24 personal injuries under section 1962, so Plaintiff must plead that the damage to her car is "the harm
25 caused by the predicate acts" under RICO in order to sufficiently plead a claim for relief.  *Anza*, 547
26 U.S. at 457.

27       Plaintiff has not adequately shown that the predicate acts she described caused the harm she
28 allegedly suffered.  She alleges that an employee of D & H Body Shop "threatened . . . to cause

damages, scratches, dents, steering wheel off aligned, ignition damage, etc. and is exactly what he . . . did to my car . . . ." (Compl. 3.) Plaintiff also claims that the employee damaged her car by leaving the windows down. (*Id.* at 11.) Plaintiff alleges that the individual responsible for the damage to her car is involved in racketeering activity, but does not indicate how that racketeering activity specifically has harmed her vehicle. RICO is not the proper statute to adjudicate a state-law claim of property damage.

Therefore, the Court finds the complaint fails to state a claim upon which relief may be granted. Accordingly, it is ORDERED that Plaintiff's Complaint be, and it hereby is, DISMISSED WITHOUT PREJUDICE pursuant to § 1915(e)(2)(B). It is further ORDERED that Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) and Request for Appointment of Counsel (Doc. No. 3) be, and they hereby are, DENIED AS MOOT.

Plaintiff may file an amended complaint within twenty (20) calendar days from the date of this Order. Should Plaintiff fail to amend her complaint within the time permitted or fail to address the deficiencies discussed in this Order, her claims will be dismissed WITH PREJUDICE.

IT IS SO ORDERED.

DATED: July 18, 2011

Hon. Anthony J. Battaglia
U.S. District Judge